UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JIMMIE ANGEL DURAND-
CRESPO,

       Petitioner,

    v.                          Case No.:  2:26-cv-01966-SPC-KRH

WARDEN, FLORIDA SOFT SIDED
FACILITY *et al.*,

       Respondents,

_____/

**OPINION AND ORDER**

Before the Court are petitioner Jimmie Angel Durand-Crespo's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 5), and Durand-Crespo's reply (Doc. 11).

Durand-Crespo is a native of Venezuela who first entered the United States on April 3, 1990.  He was removed to Venezuela later that month.  Durand-Crespo re-entered the Untied States on April 17, 2002.  An immigration judge reinstated the prior removal order but granted withholding of removal to Venezuela.  Durand-Crespo was in Immigration and Customs Enforcement ("ICE") custody until September 26, 2002, when ICE released him under an order of supervision.  Durand-Crespo is married to a U.S. citizen, who filed an I-130 petition on his behalf in 2018—it remains pending.  Durand-

Crespo also has an application to reapply for admission after removal pending before U.S. Citizenship and Immigration Services.

On February 21, 2026, local police arrested Durand-Crespo for driving on a suspended license, and ICE issued an immigration detainer. Durand-Crespo was transferred to ICE custody on February 23, 2026, and ICE revoked his order of supervision the next day. Durand-Crespo challenges the legality of his detention under the Fifth Amendment, *Zadvydas v. Davis*, 533 U.S. 678 (2001), and the Immigration and Nationality Act.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of

uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents argue Durand-Crespo's petition is premature because his current detention has not exceeded 180 days. They assume a six-month presumptively reasonable period of detention starts each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas*. It would effectively allow DHS to arbitrarily detain noncitizens and avoid judicial scrutiny by limiting consecutive periods of detention to 180 days. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Durand-Crespo

has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. The government cannot remove him to Venezuela, and it has taken no steps to remove him to another country. The burden thus shifts to the respondents, but they make no attempt at rebuttal.

The Court finds no significant likelihood Durand-Crespo will be removed in the reasonably foreseeable future. He is entitled to release from detention under *Zadvydas*. If removal becomes likely in the reasonably foreseeable future, ICE can detain Durand-Crespo to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

Jimmie Angel Durand-Crespo's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondents shall release Durand-Crespo within 24 hours of this Order, and they shall facilitate his transportation from the facility by notifying his counsel when and where he can be collected.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on July 28, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record